Diane F. Vallentine
Jermain, Dunnagan & Owens, P.C.
3000 "A" Street - Suite 300
Anchorage, Alaska 99503-4097
Telephone: (907) 563-8844
Facsimile: (907) 563-7322

Attorneys for Creditor, Point Possession, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| In re: | |
|---|---|
| Pathfinder Properties International, L.L.C., | Case No. A00-00833-DMD |
| Debtor. | (Chapter 7) |

### MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS

Point Possession, Inc. ("Pt. Possession"), by and through its attorney of record, Diane F. Vallentine of Jermain, Dunnagan & Owens, P.C., hereby moves for dismissal of this case pursuant to 11 U.S.C. 707(a), with prejudice. This case is subject to dismissal for cause as a bad faith Chapter 7 filing. Moreover, not only is this a bad faith filing, it is an intentional, blatant abuse of the bankruptcy system. This memorandum and the attached exhibit summarize Debtor's circumstances and demonstrate the numerous and manifest cause and the indicia of bad faith present in this case.

## I. FACTUAL BACKGROUND

With respect to the underlying facts, Pt. Possession refers this Court to its prior Motion to Dismiss, that was granted in Case No. A00-00721-DMD, on August 17, 2000 (Dkt. No. 23). Pt. Possession herein incorporates the facts and argument set forth in that Motion to Dismiss.

In summary, Pt. Possession first initiated non-judicial foreclosure proceedings with respect to the property possessed by the Debtor on September 1, 1999. Thereafter, Pt. Possession postponed the foreclosure sale several times in an effort to allow the Debtor to cure its defaults. The day before the postponed sale, January 27, 2000, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.[1] After working with the Debtor for many months, Pt. Possession requested relief from the automatic stay, pursuant to 11 U.S.C. 362(d)(3)(B), on June 3, 2000, to resume and conclude its non-judicial foreclosure of the property. The Motion for Relieve from Stay was granted June 30, 2000.

On June 6, 2000, the United States Trustee sought conversion to Chapter 7 or dismissal of the case. The Debtor's bankruptcy case was voluntarily dismissed on July 10, 2000.

Pt. Possession then further postponed the foreclosure sale several times in an extraordinary effort to allow the Debtor to pay amounts less than cure. The Debtor filed a second Chapter 11 petition less than one hour before a scheduled foreclosure sale on

---

[1] That filing was Case No. A00-00061-DMD.

July 27, 2000, to further delay and prejudice Pt. Possession.[2] The second case, like the first case and the present case, was a "single asset real estate" case as defined by 11 U.S.C. § 101(51B).

This Court dismissed the Debtor's second petition on August 17, 2000 for bad faith filing. Four days later, on August 21, 2000, the Debtor filed the present Chapter 7 petition, just seven minutes before a scheduled foreclosure sale of the property. This third petition represents not only a bad faith filing, but a blatant abuse of the bankruptcy process. First, Ralph A. Ritteman, Managing Partner of the Debtor and the representative who signed the third petition, was at the hearing on dismissal of Case No. A00-00721-DMD. He had actual knowledge that the second case was dismissed as a bad faith filing. Second, attorney Reginald J. Christie, Jr. assisted the Debtor in preparing and filing the petition despite the fact that he had actual knowledge that there was no good faith basis for the filing and the petition was defective on its face. In this regard, the Debtor's petition is not signed by an attorney even though the attorney that prepared the petition had been specifically advised by Pt. Possession's counsel that a petition by a corporation had to be signed by an attorney. A copy of a fax from Pt. Possession's counsel to Mr. Christie from prior to the second filing is attached as Exhibit 1. Moreover, the petition reflects only the filing of the first bankruptcy; there is no mention of the second.

Pt. Possession respectfully requests that this Court dismiss the petition for cause as a bad faith and abusive filing.

---

[2] That filing was Case No. A00-00721-DMD.

## II.    APPLICABLE LAW

A Chapter 7 petition may be dismissed for cause under 11 U.S.C. §707(a). While §707(a) sets forth several reasons warranting dismissal for cause, cause is not limited to the grounds set forth in the statute and includes the Debtor's bad faith in commencing a bankruptcy case. In re Padilla, 214 B.R. 496, 498 (9th Cir. BAP 1997); In re Eastman, 188 B.R. 621, 624 (9th Cir. BAP 1995). Cause may also include, for instance, a Debtor's lack of truthfulness or attempts to mislead the court, the filing of successive bankruptcy petitions, or the failure to disclose assets. Cf. Padilla, 214 B.R. at 498. Whether a petition is filed in bad faith is a fact-based inquiry. Id. The Padilla court referenced case law setting forth some of the facts indicative of bad faith, including, the Debtor employing a deliberate and persistent pattern of evading a single major creditor, the filing of multiple bankruptcy petitions or the use of other procedural "gymnastics," and the unfairness of a Debtor's use of Chapter 7 under the facts of a given case. See id. at 500, n.3, 4.

> The real question should be whether the debtor is in bankruptcy with an intent to receive the sort of relief that Congress made available to petitioners under the chapter in question--subject, of course, to any statutory limitations on the extent of that relief--and is willing to responsibly carry out the duties Congress imposes on debtors as the cost of receiving such relief.

Padilla, 214 B.R. at 499 (quoting In re Khan, 172 B.R. 613, 625 (Bankr.D.Minn. 1994)).

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

### III. ARGUMENT

This is the Debtor's third bankruptcy petition this year. The Debtor's second petition was dismissed by this Court a mere four days prior to this filing as a bad faith filing. The Debtor filed the present petition just minutes before the foreclosure sale that had been scheduled prior to the dismissal of the second petition. This Debtor's filings are an obvious attempt to evade a single major creditor and an obvious attempt to abuse the protections afforded by the bankruptcy code to the unfair detriment of Pt. Possession, a secured creditor. This Court should not condone the procedural gymnastics used by the Debtor.

Moreover, despite written warning that a bankruptcy petition filed by a corporation must be signed by an attorney, the Debtor, nonetheless, filed its petition without an attorney's signature, in its desperate attempt to again delay the inevitable.

Enough is enough.

This Court has authority, pursuant to §§105(a), 109(g), and 349(a) of the Code to prevent further abuse of the bankruptcy system. It may issue an injunction, pursuant to §349(a), prohibiting the Debtor from seeking relief under the Code again for an indefinite amount of time into the future. See Leavitt, 209 B.R. at 941. In this case, an order expressly prohibiting the Debtor from filing again for six months is warranted.

Pt. Possession respectfully submits that the Debtor's filing is again in bad faith and that sanctions are warranted.

### IV. CONCLUSION.

For the reasons set forth above, and for the reasons and on the additional facts set forth in support of its prior Motion to Dismiss (Dkt. No. 6, Case No. A00-00721-DMD), Pt. Possession respectfully requests that this Court dismiss the Debtor's petition for cause with prejudice, pursuant to 11 U.S.C. §707(a). Pt. Possession further requests that the Court, pursuant to §§105(a) and 349(a) of the Code, specifically and expressly prohibit the Debtor from filing any bankruptcy petition for at least 6 months. Finally, Pt. Possession requests an award of sanctions against the Debtor, its members, and counsel who participated in this abusive filing for filing the third petition for the sole purpose of delaying Pt. Possession's foreclosure sale, pursuant to this Court's equitable power to remedy the Debtor's bad faith conduct and pursuant to Bankruptcy Rule 9011 for the specific violations of Rule 9011. Pt. Possession will soon be filing, as requested by this Court, a motion for sanctions with respect to the Debtor's second filing. Pt. Possession will also file a separate request for sanctions with respect to the present filing.

DATED this 22nd day of August, 2000, at Anchorage, Alaska.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Creditor, Point Possession, Inc.

By: *Diane F. Vallentine*
Diane F. Vallentine

# Jermain Dunnagan & Owens, P.C.
LAW OFFICES

WILLIAM K. JERMAIN
CHARLES A. DUNNAGAN
BRADLEY D. OWENS
RANDALL G. SIMPSON
HOWARD S. TRICKEY
GREGORY C. TAYLOR

GARY C. SLEEPER
SAUL R. FRIEDMAN
DIANE F. VALLENTINE
W. MICHAEL STEPHENSON
ANDRENA L. STONE

EUGENIA G. SLEEPER
MIKE L. DISHMAN
NATASHA M. SUMMIT
ERIC J. BROWN
SARAH E. JOSEPHSON

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097

TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

July 26, 2000

**VIA FACSIMILE – 563-4847**

Jim Christie & Associates
3150 C Street, Suite 250
Anchorage, AK 99503-4040

Re: Pt. Possession, Inc./Pathfinder Properties
Our File No. 7253.001

Dear Jim:

Remember that a corporation cannot file bankruptcy through its shareholders or board. It must be represented by counsel. Local Bankruptcy Rules 1004-1 and 9010-1(a)(3)(A).

Sincerely yours,

JERMAIN, DUNNAGAN & OWENS, P.C.

Diane F. Vallentine/mjn

Diane F. Vallentine

DFV:mjn

EXHIBIT /