M. Jane Pettigrew
Greg Oczkus Law Offices
202 Hafling Building
430 West 7th Avenue
Anchorage, Alaska 99501
Telephone: (907) 276-6500
Fax No:     (907) 258-6902
Attorneys for Regional James Christie, Jr.

**FILED**

JUL - 1 2002

CLERK
U.S. BANKRUPTCY COURT

DEPUTY CLERK

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

PATHFINDER PROPERTIES
INTERNATIONAL LLC.

Debtor

Case No. A00-00833 DMD

Chapter 7

### RESPONSE TO IMPOSITION OF SANCTIONS

Comes Now Reginald James Christie, Jr. (hereinafter Christie) by and through counsel and responds to the court's Order Vacating Paragraph 3 of the Order and Judgment Entered January 3, 2002, and Setting Further Hearing After Remand.

### I. Procedural History

On January 3, 2001 the Bankruptcy Court entered two Orders/Judgments against Christie in Case No. A00-00833 and Case No. A00-00721. These rulings

1

arose out of the filing of a second Chapter 11 petition and a subsequent Chapter 7

petition by Pathfinders Properties International, LLC (hereinafter Pathfinders).

Christie had been the attorney for Pathfinders when it filed the first Chapter 11, its

second chapter 11 and he was found to have aided in the filing of the Chapter 7.

These Judgments were appealed to the United States District Court and the appeal

was submitted on the briefing to Judge James K. Singleton, Jr. Both appeals, in

case No. A00-00721 (the Chapter 11 filing) and case No. A00-00833 (the Chapter 7

filing). The cases were assigned District Court Numbers A01-0017 and A01-0014

they were subsequently consolidated by the District Court into Case No A01-0014.

On January 16, 2002, Judge Singleton issued a Judgment, a copy of which is

attached hereto as Exhibit A.   The Judgment was entered in the consolidated case

A01-0014, but only had the one Bankruptcy Case No. A00-00833. The District

Court filed an Amended Judgment on May 17, 2002.   The Bankruptcy Court on

May 7, 2002 filed its Order Vacating Paragraph 3 of Order and Judgment entered

January 3, 2001, and Setting Further Hearing After Remand in Case No. A00-

00833.   This matter was scheduled in A00-00833, however, Christie the hearing on

the Judgment and Amended Judgment  of the District Court applies to both cases.

## FACTS

This court disbarred Christie from representing debtors in any type of bankruptcy case before it until January 1, 2004.   The court found that Christie's clients and Christie acted in bad faith, that his actions were not warranted by law, his actions were frivolous and he acted for an improper purpose.  As a result of the findings this court imposed both monetary and nonmonetary sanctions.  On appeal the District Court found " that Christie did not receive proper notice regarding the potential nonmonetary sanction he faced (i.e., his potential disbarment from the bankruptcy court) and the Court shall reverse that portion of the bankruptcy court's decision."

This court now has noticed Christie regarding the Judgment/Order entered in case No.A00-00833 and set the matter on for hearing.

## ARGUMENT

At the time of the appeal, neither Christie or Point Possession, Inc.,  nor their counsel understood that the non-monetary sanction by the court was in lieu of an additional monetary award against Christie.  The district court upheld the monetary award as appealed by Christie, but reversed the non monetary sanction of disbarment of Christie.  If this court is contemplating awarding additional attorney's

3

fees and costs against Christie this would be unfair at this time given the previous appeal and the current posture of the case.

Christie has paid Point Possession the entire amount awarded by the court for which he was liable either jointly and severally or individually. This comes to $5,627.11. In addition, Christie has paid the price of an appeal and has been disbarred from representing debtors in any proceedings before the bankruptcy court from December 29, 2000 to date, approximately 18 months.

Christie is willing to admit that he made mistakes and that he apologizes to the court for any wrongdoing in the case. See the Affidavit of Jim Christie, attached hereto and incorporated herein. At this point in time Christie would argue that his sentence should be at an end. The court can be assured that Christie will not represent debtors unless his is completely and totally certain that he is not acting outside the parameters of this courts opinion on good faith filing of bankruptcies.

Christie requests that this court determine that his payment of the monetary award and the sanctions to date are sufficient and that no further actions be taken in this case.

Dated this _28th_ day of _June_ 2002.

Greg Oczkus Law Offices

M. Jane Pettigrew

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on
_7-1-02_ a true and correct copy
of the foregoing was served by _hms_
_____ on _Diane Valentine_

4